IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 17-00002 |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |
| SUE ANN BAKER, | |
| Defendant. | |

Pending before the court are (1) a Petition for Offender Under Supervision and supporting declaration (collectively, the "Violation Petition") filed by the U.S. Probation Office on October 14, 2021, and (2) a Supplemental Declaration filed on October 25, 2021, *see* ECF Nos. 88 and 92, alleging the Defendant violated her supervised release conditions as follows:

1. Tested positive for MDA/MDMA on August 24, 2021, and admitted to using "meth" on September 9, 2021;

2. Failed to report for three drug tests (August 23, 2021 and September 2 and 10, 2021);

3. Failed to report contacts with law enforcement on August 31, 2021, and September 1, 2021;

4. Associated with a person convicted of a felony on August 31, 2021, without permission from the probation officer;

5. Committed a new criminal offense based on arrest on October 22, 2021, for Possession of a Firearm without a Firearms ID and Illegal Possession of Schedule II Controlled Substance;

6. Unlawfully possessed a controlled substance;

7. Interacted with someone engaged in criminal activity;

8.   Failed to report contact with law enforcement on October 22, 2021; and

9.   Possessed a firearm.[1]

On April 12, 2022, the Defendant waived her right to an evidentiary hearing, entered admissions to violations 1 and 2 as noted above, and stated that she did not admit nor contest all remaining allegations. The parties then presented their arguments on an appropriate sanction for the violations. Having heard from the parties, the court now issues this Report and Recommendation as to the disposition for her supervised release violations.

## BACKGROUND

**A.   Conviction & Sentence**

April 20, 2018, the Defendant was sentenced to 24 months' imprisonment and one year of supervised release for the offense of Illegal Use of a Communication Facility – a Class E felony. *See* Judgment, ECF No. 54. As part of her standard conditions of supervised release, the Defendant was ordered to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer and to refrain from communicating or interacting with someone Defendant knows is engaging in criminal activity. *Id.* at 4. Among special conditions imposed by Judge Coughenour, the Defendant was ordered to participate in a substance abuse treatment program, which may include up to eight drug tests a month. *Id.* at 5.

The Defendant served her sentence and commenced her original term of supervised release term on February 7, 2020.

**B.   Post-Conviction Conduct**

On June 25, 2020, the probation officer filed an informational report indicating that the Defendant failed to appear for drug testing on May 23, 2020, but reported the following day for a make-up drug test. *See* ECF No. 58. Later that evening, the Defendant called the probation officer and admitted she used "meth" the previous day and stated that she had no idea how difficult it would be to maintain her sobriety. Lab reports received on June 1, 2020, indicated that the urine specimen had been diluted. The Defendant subsequently tested presumptive positive again on May 27, 2020,

---

[1] Allegations 5 and 9 are Grade A violations. All other allegations are Grade C violations.

but she attributed that positive to her admitted drug use on May 23, 2020. At the probation officer's request, the court took no punitive action against the Defendant for the violations. *See* Order, ECF No. 59.

On August 19, 2021, the Defendant's supervised release term was revoked after she admitted she failed to timely report contact with law enforcement, associated with people engaged in criminal activity, tested positive for methamphetamine four times, admitted to the use of methamphetamine five times, failed to report for four drug tests and failed to provide a urine specimen for testing. *See* Revocation J., ECF No. 85, Report and Recomm., ECF No. 80, Sixth Suppl. Decl, ECF No. 83, and Minutes, ECF No. 84. She was sentenced to time served (approximately four months and eight days), followed by seven months of supervised release. Revocation J. at 3-4, ECF No. 85. The court also reimposed the same conditions of supervised release as originally imposed. *Id.* at 5-6.

## CURRENT VIOLATIONS

**A.    Filing of Violation Petition**

On October 14, 2021, the probation officer filed the instant Violation Petition, along with a supporting declaration and a violation worksheet. *See* ECF No. 88. Therein, the probation officer alleged the Defendant committed the following violations of her supervised release conditions:

<u>*Tested positive, Admitted to drug use and Failed to Report for drug tests*</u>

| DATE | ACTION |
|---|---|
| August 23, 2021 | Defendant failed to report to the Salvation Army's Lighthouse Recovery Center ("LRC") for drug testing. |
| August 24, 2021 | Defendant reported to LRC for a scheduled drug test and was presumptive positive for methamphetamine. She denied drug use, so her urine specimen was sent for lab analysis. A report received on September 9, 2021, indicated the sample was positive for MDA and MDMA. |
| September 2, 2021 | Defendant failed to report to LRC for drug testing. She did not contact her probation officer to discuss her noncompliance. |
| September 9, 2021 | Defendant report to LRC and provided a urine sample that was not tested but was packed for lab analysis, as were all samples collected that day. Defendant signed an admission form that she used "meth" that same day. |
| September 10, 2021 | Defendant failed to report to LRC for drug testing. She did not contact her probation officer to discuss her noncompliance. |

*Failed to report contact with law enforcement and Associated with known felon*

The probation officer conducted a random record check of the Defendant through the Guam Police Department's ("GPD's") LERMS system on October 7, 2021, and learned that the Defendant contacted the police on August 31, 2021, to report her vehicle (a gray Hyundai Tucson) had been stolen. According to the GPD report, the Defendant told police that on August 30, 2021, she drove to Tyler Borja's[2] house to spend the night because she was too tired to drive home. When she woke up the following day at about 8 a.m., she noticed her vehicle was gone. She assumed that Mr. Borja's mother, Cheryl Borja, with whom she was very close, had taken the car. When Cheryl Borja returned later that day, she indicated she had no knowledge of the Defendant's missing vehicle.

The Defendant then called her ex-boyfriend, Cisco Francisco,[3] to driver her back home. She then contacted GPD that evening to report her car missing. The Defendant was instructed to report in person to the Tumon-Tamuning Precinct to continue the investigation.

The Defendant went to the precinct at about 9:50 p.m. and told Officer Togawa that a person named "J.T." had taken her car. Upon further questioning, she identified J.T. to be Jathan Tedtaotao. According to the probation officer, Mr. Tedtaotao is a known felon with at least two felony convictions in the Superior Court of Guam. The officer asked the Defendant to explain why she believed Mr. Tedtaotao had taken her car. She stated that her friend "Gino" told her Jathan had taken her car. She assumed he took her keys from her purse while she was asleep at Mr. Borja's house. The Defendant further stated that Mr. TEdtaotao had contacted her that day (August 31, 2021) at about 3p.m. and inquired where she was at. She told Mr. Tedtaotao that she was at another's friend's house located along Route 15. GPD then broadcasted an All Points Bulletin for the vehicle.

On September 1, 2021, the Defendant's boyfriend Ryan Camacho contacted GPD's Dededo Precinct to report he and the Defendant received a tip about the whereabouts of the missing vehicle.

---

[2] The probation officer alleged Mr. Borja had several prior arrests on Guam and in the states of Washington and Oregon, including an outstanding warrant of arrest from the Oregon City Sheriff's Office issued on January 15, 2020.

[3] The probation officer alleged that Mr. Francisco had an arrest warrant issued by Superior Court of Guam Judge Perez for failing to appear for a pretrial hearing on September 10, 2021.

Mr. Camacho said it was located at a residence in Yigo. The police met with Mr. Camacho and the Defendant at a nearby store in Yigo to gather further information. Mr. Camacho and the Defendant told the officers that they received a tip on Facebook from an unknown person who told them where in Yigo the vehicle was parked.

The officers, the Defendant and Mr. Camacho then proceeded to the address in Yigo and found the Defendant's vehicle parked in the front of a home. The homeowner stated he did not know how the car got there because when he came home from work, he found it parked in front of his house.

The police asked the Defendant to inspect the vehicle. The Defendant did not note any damage but claimed that several items were missing, including some shoes, clothes, make-up and a black Gucci shoulder purse, all valued at about $2,450.

The Defendant never informed her probation officer about her contact with law enforcement on August 31, 2021, and September 1, 2021.

At the request of the probation officer, the court issued a summons for the Defendant to appear on October 26, 2021, and answer to the alleged violations of her supervised release conditions.[4] *See* Order, ECF No. 90.

**B.      Filing of Supplemental Declaration**

On October 25, 2021, the probation officer filed a Supplemental Declaration. *See* ECF No. 92. The declaration alleged more serious violations as further described below.

*Committed new criminal offense, Possessed a firearm, Possessed controlled substance, Interacted with someone engaged in criminal activity and Failed to report contact with law enforcement*

On October 22, 2021, GPD Officers C.D. Champion and S. Artui pulled over a Nissan truck with expired registration tags near the ITC intersection. There were three individuals in the truck. The driver was Daniel Pangelinan Tydingco, the front passenger was Tyler Borja, and the Defendant

---

[4] Based on information from the probation officer that the Defendant had only recently been released from the government's isolation facility because she had tested positive for COVID-19, the court continued the hearing to November 4, 2021. *See* Order, ECF No. 93.

was in the rear seat behind the driver.

Mr. Tydingco told the officers that he did not know either Mr. Borja or the Defendant and that he was just giving them a ride from a game room behind Tick Tock. The officers asked Mr. Tydingco to exit the vehicle to separate him from the two passengers. Mr. Tydingco consented to a search of the vehicle.

The Defendant and Mr. Borja were asked to exit the vehicle while it was searched. Behind the front passenger seat officers found a 9 mm semi-automatic pistol. All three were then put in hand restraints, and the weapon was checked and found to be unloaded. The officers secured it in the patrol vehicle. After being read their *Miranda* warnings, the three occupants of the truck denied any knowledge of the pistol.

After further questioning, the Defendant and Mr. Borja admitted they handled the firearm but denied they owned it. The Defendant stated that Mr. Borja handed her the pistol to hide. Mr. Tydingco maintained he had no knowledge of the firearm.

Police further searched the vehicle and found a small clear plastic bag containing a white crystalline substance suspected to be methamphetamine. The bag was found behind the driver's seat, close to where the Defendant was sitting. The Defendant admitted she handled the bag after being handed it by Mr. Borja. All three were then transported to the precinct.

The Defendant declined further questioning and asserted her right to a lawyer. She was booked and released and given a Notice to Appear for October 16, 2024.

Mr. Borja consented to an interview and said that the Defendant was his girlfriend. He stated that the three of them left that night from the Dededo residence of Peter Flores and that prior to leaving the residence, Mr. Borja gave the gun to the Defendant. Mr. Borja described how they drove around that night to Kmart and Mobil before being pulled over. He denied any knowledge of the bag of suspected methamphetamine. Mr. Borja admitted he did not have a firearm ID. He was also booked and released.

The Defendant failed to report this contact with law enforcement to the probation officer.

**C.    Warrant Issued**

On November 4, 2021, the Defendant failed to appear as summoned. *See* Minutes, ECF

No. 94. The court appointed Mr. Van de veld to represent the Defendant subject to the submission of a financial affidavit. *See* Appointment Order, ECF No. 95. Defense counsel stated that he had been in contact with the Defendant the week prior but nothing more recent. The court then ordered that a warrant issue for the Defendant.

**D.     Arrest, Initial Appearance and Further Court Hearing**

The Defendant was arrested on March 24, 2022, *see* ECF No. 97, and she made her initial appearance before the court the following day. *See* Minutes, ECF No. 96. Mr. Van de veld stated that he needed time to speak with the Defendant and asked that she be released since it would be more convenient to discuss the matter with her if she were released rather than held at the women's facility. Based on the latest alleged violations and her absconding from supervision for several months, the court found that she failed to meet her burden of establishing by clear and convincing evidence that she would not flee or pose a danger to any other person or to the community. The matter was then continued to April 12, 2022.

On April 12, 2022, the Defendant again appeared before the court. *See* Minutes, ECF No. 98. The Defendant waived her right to an evidentiary hearing, entered admissions to violations 1 and 2 regarding her positive drug tests and not report for drug testing, and stated that she was not admitting nor was she contesting the remaining allegations in the Violation Petition and Supplemental Declaration. The parties presented their argument on an appropriate sentence for the violations, and the court ordered that she continue to remain detained pending the final disposition hearing.

Having reviewed the record herein and considered the parties' recommended sanction, the court now issues this Report and Recommendation.

## LEGAL STANDARD

A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Pursuant to Section 3583(g), revocation is mandatory if a defendant possesses a controlled substance, possesses a firearm or fails to comply with drug testing.

*See* 18 U.S.C. § 3583(g)(1)-(3).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

According to the Amended Violation Worksheet, the Defendant committed Grades A and C violations, with a guideline range of 12-18 months' imprisonment, based on the Defendant's criminal history category of I, with no supervised release term to follow. Her underlying conviction is a Class E felony, so the most she can serve on a revocation of supervised release is one year. *See* 18 U.S.C. § 3583(e)(3). She was sentenced to four months and eight days' imprisonment for the first revocation, so the maximum she faces here is seven months and 22 days of imprisonment.

Defense counsel asked for leniency, although he acknowledged that the Defendant will be punished for the violations. The probation officer asked for the maximum sentence, and the government concurred. Ms. San Nicolas asserted that the maximum sentence was appropriate given the nature of the violations and will promote respect for the law.

The Defendant addressed the court and said she was sorry for her mistakes.

This is the Defendant's second revocation proceeding. She was just released from custody on August 19, 2021, after having her supervised release term revoked the first time, but it appears that she began committing new violations within one week of her release. The recent allegation that she possessed a firearm is more serious and requires mandatory revocation. The Defendant never reported her contacts with law enforcement to her probation officer and absconded from supervision. A warrant for her arrest was issued after she failed to appear for a court hearing after she had been summoned. The Defendant does not appear to be amenable to supervision, and the court agrees that the maximum sentence is warranted under the circumstances.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to violations 1 and 2 and her "no contest" plea to the remaining violations, (2) revoke the Defendant's supervised release term and (3) impose the maximum sentence of seven months and 22 days of imprisonment, followed by no term of supervised release.

///

///

A disposition hearing shall be held on July 14, 2022, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
    U.S. Magistrate Judge
**Dated: Jun 28, 2022**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**